IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TRACY G. RYLAND                                                      PLAINTIFF

v.                      NO.  5:04CV00360 JMM/JWC

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                       DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

      This recommended disposition has been submitted to United States District Judge James M. Moody.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**DISPOSITION**

      Plaintiff, Tracy G. Ryland, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits.  Both parties have submitted appeal briefs and the case is ready for decision.

      The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

      In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the

Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on degenerative disc disease, arthritis in his back and legs, left eye blindness because of a cataract and nerve damage in his left hand. (Tr. 71.) The Commissioner found that he was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through July 20, 2004, the date of his decision. (Tr. 24.) On September 24, 2004, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 6-8.) Plaintiff then filed his complaint initiating this appeal (docket entry #2).

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

---

[1] The Hon. Stephen C. Calvarese.

Plaintiff was 40 years old at the time of the hearing. (Tr. 206.) He is a high school graduate. (Tr. 77, 87, 101, 186.) He has past relevant work as a lumber handler and garbage collector. (Tr. 23, 82, 90-92.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. He found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 23.) He found that Plaintiff had "severe" impairments, degenerative disc disease, status post fusion at L5-S1 and cataract of the left eye, but that he did not have an impairment or combination of impairments that met or equaled a Listing. Id. He judged that Plaintiff's allegations regarding his limitations were not totally credible. Id.

The ALJ found that Plaintiff retained the residual functional capacity for a significant range of light work. Id. He determined that Plaintiff was therefore unable to perform any of his past relevant work. Id.

The ALJ correctly noted that once Plaintiff was determined to be unable to perform his past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform, given his residual functional capacity, age, education and past work. (Tr. 21.)

Based on the testimony of a vocational expert witness in response to a series of hypothetical questions, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding his limitations, for example, assembler, unskilled, light exertion and laborer, unskilled, light exertion. (Tr. 24.) Consequently, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff contends that the record is silent with regard to his visual restrictions and how they would affect jobs enumerated by the vocational expert. (Br. 11.) The ALJ incorporated visual restrictions into the hypothetical question that he relied upon:

. . . . They didn't mention anything about visual limitations, but I believe the

> claimant indicated in his information somewhere in the file, the blindness in the left eye. So let's assume this person would need to avoid driving and avoid any areas of depth perception. And let's say avoid (INAUDIBLE). Just say avoiding small print, assuming there is some limitation in the right eye, which is the good eye. . . . .

(Tr. 206-07.)

Plaintiff also argues that the ALJ failed to fully and fairly develop the record by ordering "an appropriate consultative exam." (Br. 11.) Plaintiff does not indicate what "an appropriate consultative exam" would have been. Id. Some courts treat such a failure to flesh out an argument as waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: "Judges are not expected to be mind[]readers. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cert. denied, 494 U.S. 1082 (1992)(citations omitted).

Furthermore, at the administrative hearing, Plaintiff's counsel (the same counsel represents him on this appeal) indicated that the record was complete, and did not ask for a consultative examination. (Tr. 184, 211.)

Plaintiff's first two arguments seek to place the burden of proof on the Commissioner. It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's residual functional capacity. Masterson v. Barnhart, 383 F.3d 731, 737 (8th Cir. 2004); Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995).

The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. E.g., Anderson v. Shalala,

51 F.3d 777, 779 (8th Cir. 1995). In this case, the record was clearly sufficient for the ALJ to make an informed decision.

Plaintiff next argues that the ALJ improperly discounted his subjective complaints. (Br. 11-12.) The ALJ did not cite Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). Polaski sets forth requirements for ALJs in the Eighth Circuit. Randolph v. Barnhart, 386 F.3d 835, 841 (8th Cir. 2004). The ALJ in this case was based in Oklahoma (Tr. 24), a part of the Tenth Circuit. Thus, he was not bound to follow Polaski. Id. The ALJ cited S.S.R. 96-7p and 20 C.F.R. § 404.1529. (Tr. 20.) That ruling tracks Polaski and 20 C.F.R. § 404.1529(c)(3) and elaborates on them.

> Factors relevant to your symptoms, such as pain, which we will consider include:
> (i) Your daily activities;
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529 (c)(3) (2003).

The ALJ detailed the medical treatment and objective medical evidence at some length. (Tr. 15-19.) He noted Plaintiff's treating physician prescribed medications and physical therapy and restricted his work. (Tr. 16.) He noted Plaintiff's surgery in March of 2002 and his activities and restrictions thereafter. (Tr. 16-17.) He recorded further physical therapy, different medications and his doctor's temporary restrictions on work and, ultimately, the doctor's returning Plaintiff to normal work. (Tr. 17.) After an "OK" MRI, Plaintiff could return to full physical activity. (Tr. 18.) The ALJ noted the results of a consultative physical examination. (Tr. 18-19.) He recounted Plaintiff's over-the-counter

medications, his restriction on sitting and walking, and how he stood and walked to relieve numbness from sitting. (Tr. 19.) He discussed Plaintiff's pain and activities of daily living. Id.

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints of pain gave reason to discount those complaints. Richmond v. Shalala, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, the type of medications taken, the lack of more treatment, his functional capabilities and the lack of greater restriction placed on Plaintiff by his physicians, the ALJ could rightly discount Plaintiff's subjective complaints. See, e.g., Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); Dodson v. Chater, 101 F.3d 533, 534 (8th Cir. 1996)(after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

The ALJ's credibility analysis was proper. He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996); Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995).

Next, Plaintiff seems to argue that the testimony of the vocational expert and the Dictionary of Occupational Titles (DOT) were in conflict. (Br. 13.) Attached to Plaintiff's brief are descriptions of the two job groups that the vocational expert testified that the hypothetical individual could perform. Laborer requires medium strength; assembler, light. It seems clear that the vocational expert was testifying only to jobs that were light:

> A Assemblers. Take entry-level numbers at light. In the state of Arkansas, about 10,000. In the United States, about 735,000. Give the category of Laborers – other than construction. Vis-a-vis Parts Pickers,

>	Order Pickers.  For the state of Arkansas at entry-level, <u>light</u>, about 9,000. United States, about 683,000.

(Tr. 207)(emphasis added).

The DOT, in its job definition, represents approximate maximum requirements for each position, rather than the range.  <u>Fenton v. Apfel</u>, 149 F.3d 907, 911 (8th Cir. 1998); <u>Jones v. Chater</u>, 72 F.3d 81, 82 (8th Cir. 1995).  Plaintiff's point is not well taken.

Finally, Plaintiff argues that the ALJ ignored the findings and recommendations of the treating physician.  (Br. 13.)  Plaintiff does not cite to the record in support of this argument or otherwise indicate what findings and recommendations the ALJ ignored.  <u>Id.</u>  Contrary to Plaintiff's contention, Plaintiff's treating neurosurgeon indicated that by September of 2002 Plaintiff was able to return to full duty.  (Tr. 137.)  The ALJ specifically noted that opinion.  (Tr. 18.)

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ.  <u>E.g.</u>, <u>Mapes v. Chater</u>, 82 F.3d 259, 262 (8th Cir. 1996); <u>Pratt v. Sullivan</u>, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  <u>Richardson v. Perales</u>, 402 U.S. at 401; <u>see also</u> <u>Reutter v. Barnhart</u>, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

Therefore, the Magistrate Judge recommends that the final decision of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this 14th day of November, 2005.

_____
UNITED STATES MAGISTRATE JUDGE